UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,

                            Plaintiff,

v.

JOHN DOE, *IP address 172.117.163.114*,

                            Defendant.

Case No.:  24-cv-162-GPC-KSC

**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [Doc. No. 4]**

**I. BACKGROUND**

On January 23, 2024, plaintiff filed a Complaint against defendant John Doe subscriber assigned IP address 172.117.163.114, asserting a single claim for direct copyright infringement. Doc. No. 1. Plaintiff alleges it is the owner of certain adult-content films and that defendant "is committing rampant and wholesale copyright infringement" by downloading and distributing plaintiff's works without plaintiff's authorization, permission, or consent. *Id*. at ¶¶ 1-4. Defendant's name and address are unknown to plaintiff, who can identify defendant only by IP address 172.117.163.114. *Id.* at ¶ 13. This IP address was used to upload a piece or pieces of plaintiff's intellectual property as

1   recently as December 24, 2023. Doc. No. 4-2 at 4, 19-22, 25-26.[1] Using geolocation
2   technology, plaintiff has identified Spectrum, an internet service provider ("ISP"), as the
3   owner of defendant's IP address. Doc. No. 4-1 at 17. Plaintiff seeks the Court's leave to
4   serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum to learn
5   defendant's "true name and address." *Id.* at 8. Plaintiff asserts that "[w]ithout this
6   information," it can neither serve defendant "nor pursue this lawsuit and protect its
7   copyrights." *Id.*

8   **II. LEGAL STANDARDS**

9    "A party may not seek discovery from another source before the parties have
10  conferred as required by Rule 26(f)" unless such discovery is "authorized" by the Court.
11  Fed. R. Civ. P. 26(d)(1). A court may allow "limited discovery to ensue after filing of the
12  complaint to permit the plaintiff to learn the identifying facts necessary to permit service
13  on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal.
14  1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts authorize
15  such "expedited discovery" where the need for the information "outweighs the prejudice
16  to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 276
17  (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional
18  facts is a matter of discretion." *Columbia Ins. Co*., 185 F.R.D. at 578 (citation omitted).

19  When the defendant's identity is unknown at the time the complaint is filed, a court
20  may grant leave to take early discovery to determine the defendant's identity "unless it is
21  clear that discovery would not uncover the identit[y], or that the complaint would be
22  dismissed on other grounds." *Gillespie*, 629 F.2d at 642. "[T]o prevent abuse of this
23  extraordinary application of the discovery process and to ensure that [the] plaintiff has
24  standing to pursue an action against [the] defendant," the applicant must "make some
25  showing that an act giving rise to civil liability actually occurred and that the requested
26
27  ───────────────
28  [1]    All citations refer to the page numbers generated by the Court's CM/ECF system.

discovery is specifically aimed at . . . identifying . . . the person who committed the act." *Columbia Ins. Co*., 185 F.R.D. at 579-80.

### III. DISCUSSION

Courts apply a three-factor test when considering motions for early discovery to identify the defendant. *Columbia Ins. Co.,* 185 F.R.D. at 578-80. First, the applicant should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court." *Id*. at 578. Second, the applicant must describe "all previous steps taken to locate the elusive defendant." *Id*. at 579. Third, the applicant should establish that its "suit . . . could withstand a motion to dismiss." *Id*. The Court considers each of these factors as applied to the instant request for expedited discovery.

### A. Identification of Missing Parties with Sufficient Specificity

A plaintiff can satisfy its burden of identifying the missing party with specificity by "identify[ing] the unique IP addresses" of the allegedly infringing individuals and then "us[ing] geolocation technology to trace these IP addresses to a point of origin." *See Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011); *see also Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting a specific IP address is sufficient to identify a real person). Here, plaintiff used geolocation technology to trace the IP address to an address in San Diego, California, which is within this District. Doc. No. 4-1 at 12-13; Doc. No. 4-2 at 29. 2 The Court finds plaintiff has "sufficiently shown" defendant is a "real person[] likely residing in California who may be sued in this Court." *Pink Lotu*s, 2011 WL 2470986, at *3.

### B. Attempts to Locate Defendant

Next, plaintiff must identify all steps taken to identify and effect service upon defendant. *See Columbia Ins. Co*., 185 F.R.D. at 579. "Good cause [to permit early discovery] exists where a plaintiff has exhausted its means to identify the defendant through publicly available information and has no other way to identify" the defendant. *Amazon.com Inc. v. Vivcic*, No. C23-486-JHC-MLP, 2023 WL 6196861, at *2 (W.D.

Wash. Sept. 22, 2023). Plaintiff reports it attempted to "correlate" defendant's IP address to defendant by using web search tools, conducted research on other methods of identifying and locating defendant, and consulted with "computer investigators and cyber security consultants." Doc. No. 4-1 at 14. Despite these efforts, plaintiff has been unable to identify defendant and represents it cannot do so without the requested discovery. *See id.* Accordingly, the Court finds plaintiff made a good-faith effort to identify and locate defendant before filing the instant application.

### C. Ability to Withstand a Motion to Dismiss

An entertainment company can state a prima facie claim for copyright infringement by alleging unlawful downloading of its copyrighted works. *See Malibu Media*, 319 F.R.D. at 305   Plaintiff's Complaint alleges a single cause of action against defendant for direct copyright infringement. *See generally* Doc. No. 1. Plaintiff alleges it owns the subject intellectual property, which defendant copied and distributed without plaintiff's authorization, permission, or consent. *Id.* at ¶¶ 49-51. The Court finds plaintiff has alleged a prima facie case of direct copyright infringement against defendant that would likely withstand a motion to dismiss for failure to state a claim.

Plaintiff also bears the burden of establishing jurisdictional facts. *See Columbia Ins. Co.*, 185 F.R.D. at 578 (citation omitted). Identifying a defendant with geolocation technology makes a prima facie showing of jurisdiction over that defendant. *Criminal Prods., Inc. v. Doe*, No. 16-cv-02353-DMS-MDD, 2016 WL 6070355, at *3 (S.D. Cal. Oct. 17, 2016). As noted, using geolocation technology, plaintiff traced defendant's IP address to a point of origin within this District before filing its Complaint and again before filing the instant ex parte application. *See* Doc. No. 4-1 at 12- 13; Doc. No. 4-2 at 29. The geolocation data show the IP address traced to this district continuously and right up to the time plaintiff filed the instant ex parte application. *See* Doc. No. 4-2 at 29. These facts are sufficient to show "that it is likely that the [d]efendant is located within the Southern District of California and is subject to the personal jurisdiction of the Court." *Criminal*

*Prods*, 2016 WL 6070355, at \*3. The Court, therefore, finds plaintiff has alleged enough facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction.

For the same reason, venue appears proper. Civil actions for copyright infringement "may be instituted in the district in which defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Plaintiff alleges "a substantial part" of the alleged wrongful acts occurred in this District, and further that defendant resides in this District. Doc. No. 1 at ¶ 11. The Court finds the Complaint could likely withstand a motion to dismiss for improper venue. In sum, and for the reasons stated above, the Court finds plaintiff has established good cause to pursue expedited discovery. Plaintiff's request for leave to subpoena defendant's ISP provider is accordingly **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, plaintiff's Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [Doc. No. 4] is **GRANTED**. It is hereby further **ORDERED**:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 on Spectrum for the sole purpose of obtaining the name and address only of defendant John Doe, based on the IP address listed in the Complaint: 172.117.163.114. The subpoena shall not seek defendant's telephone number, email address, or Media Access Control (MAC) address, as none of this information is necessary for plaintiff to identify and serve defendant.

2. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If Spectrum intends to move to quash the subpoena, it must do so prior to the return date of the subpoena. If a motion to quash or other customer challenge is brought, Spectrum must preserve the information sought by plaintiff pending resolution of the motion or challenge.

3. Spectrum, shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber their identity has been subpoenaed by plaintiff. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from

24cv162

the date of such notice to challenge the disclosure to plaintiff by filing an appropriate pleading with this Court contesting the subpoena.

4. Plaintiff shall serve a copy of this Order with any subpoena served on Spectrum pursuant to this Order. Spectrum, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

5. Plaintiff may use the information disclosed pursuant to the subpoena only in pursuing this litigation.

6. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: February 14, 2024

Hon. Karen S. Crawford
United States Magistrate Judge

24cv162